IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID L. COOK, SR.,

    Plaintiff,

v.

MATTHEW CATE, et al.,

    Defendants.
_____/

No. C 09-02926 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

This case was opened when Plaintiff submitted a document entitled "Civil Rights Complaint Demand for Jury Trial, 42 U.S.C. Section 1983, in which he alleges that "he is being denied services, programs, and/or activities as a disabled state prisoner" at San Quentin State Prison (SQSP). (Compl. at 1.) In an effort to protect Plaintiff's rights, his filing was treated as an attempt to open a civil rights case under Section 1983. He seeks injunctive relief and monetary damages.

His motion for leave to proceed in forma pauperis has been granted.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

## II. **Injunctive Relief Claims**

Plaintiff seeks both injunctive relief and monetary damages. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. PUC v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." Flast v. Cohen, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness. Id.

When Plaintiff filed his original complaint, he was incarcerated at SQSP. He alleged unconstitutional conditions of confinement during the period of his confinement at SQSP. Plaintiff sought injunctive relief to remedy these alleged injuries. On April 20, 2010, Plaintiff informed the

1 Court he had been transferred to West County Detention Facility.  Because Plaintiff has not been
2 incarcerated at SQSP since at least April 20, 2010, to the extent he seeks injunctive relief from the
3 conditions of his confinement at SQSP, those claims are DISMISSED as moot.  The Court proceeds
4 to review Plaintiff's remaining claims for damages.

**III.   Exhaustion**

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id. at 741.  The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record.  See Porter, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 540 U.S. 810 (2003).  Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies.  Id.

3

1         The State of California provides its inmates and parolees the right to appeal administratively
2   "any departmental decision, action, condition or policy perceived by those individuals as adversely
3   affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the
4   right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e).
5   In order to exhaust available administrative remedies within this system, a prisoner must proceed
6   through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602
7   inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level
8   appeal to the Director of the California Department of Corrections and Rehabilitation.  See id.
9   § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the
10  administrative remedies exhaustion requirement under § 1997e(a).  See id. at 1237-38.

11        Here, the record is unclear whether Plaintiff exhausted his claims to the Director's level
12  before filing his federal complaint.  It thus appears Plaintiff has indicated whether or not he has
13  exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

14        Accordingly, it appears that Plaintiff's claims could be unexhausted and subject to dismissal.
15  Therefore, Plaintiff's complaint is DISMISSED with leave to amend his complaint to prove that he
16  exhausted all of his claims against each Defendant before he filed this action.  If Plaintiff did
17  exhaust his administrative remedies with respect to any or all of those claims before filing this
18  action, he may amend his complaint to so allege, as set forth below.

### IV.     Named Defendants

20        The only Defendants named in this complaint are: California Department of Corrections and
21  Rehabilitation Secretary Matthew Cate, SQSP Correctional Lieutenant Williams, and SQSP
22  Correctional Officers L. Perez and C. Teale, as well as "Does 1-100."  In his amended complaint,
23  Plaintiff must identify the particular individuals who caused the harm he allegedly suffered.
24  Plaintiff must also identify by name each individual who allegedly caused a violation of his
25  constitutional rights and must link each defendant to a specific constitutional violation -- i.e., state
26  what that defendant did that caused the violation of Plaintiff's constitutional rights.  See Leer v.
27  Murphy, 844 F.2d at 634 (liability may be imposed on individual defendant under §1983 only if

plaintiff can show that defendant proximately caused deprivation of federally protected right). Conclusory allegations of wrongdoing, similar to his allegations in the instant complaint, will not do. Id. A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. As mentioned above, Plaintiff is cautioned that there is no respondeat superior liability under § 1983. See Taylor, 880 F.2d at 1045. That is, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Id.

Furthermore, the use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED.

2. Plaintiff's claims against the Doe Defendants are DISMISSED.

3. The remaining claims in Plaintiff's complaint are DISMISSED with leave to amend. Within **thirty (30) days** from the date of this Order, Plaintiff shall file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 09-2926 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original complaint by reference.

1 **Plaintiff's failure to file an amended complaint by the deadline will result in the dismissal of this action without prejudice.**

3    4.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    5.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

    IT IS SO ORDERED.

DATED: 5/3/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\CR.09\Cook2926.DWLA.wpd  6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAVID L COOK SR.,

        Plaintiff,

v.

MATTHEW CATE et al,

        Defendant.

Case Number: CV09-02926 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 5, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David L. Cook CC09BH429
West County Detention Facility
5555 Giant Highway
Richmond, CA 94806

Dated: May 5, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Cook2926.DWLA.wpd  7